UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SERGIO TORRES,

        Petitioner,

v.                                                  Case No. 2:04-cv-238
                                                   HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Sergio Torres filed this petition for writ of habeas corpus challenging the validity of his state court conviction. Petitioner was convicted pursuant to a guilty plea of criminal sexual conduct fourth-degree, and was sentenced to 16 to 24 months imprisonment on October 14, 2002. Petitioner filed an appeal in the Michigan Court of Appeals, which was denied on November 14, 2003. Petitioner then filed an application for leave to appeal to the Michigan Supreme Court, which was denied on April 30, 2004. Petitioner filed his habeas corpus petition in this court on October 8, 2004.

On April 29, 2005, Petitioner requested that the court hold his case in abeyance while he properly exhausted his previously raised constitutional issues, as well as additional constitutional issues, in the Michigan courts. It appeared from Petitioner's motion that two of the issues asserted in his application for habeas corpus relief had not been exhausted. In the alternative, Petitioner sought to have his petition dismissed without prejudice with the allowance for him to file in the state courts within 90 days, and allowing an additional 90 days to refile in this court after his state court proceedings have been completed.

Petitioner's motion for abeyance was denied on May 16, 2005, on the basis of *Rhines v. Weber*, 125 S. Ct. 1528 (2005). Petitioner was advised that he had three alternatives. Petitioner was told that he could seek leave of court to drop the unexhausted claims and proceed on the exhausted claims only, he could seek leave to dismiss the entire suit, so that he could return to the state courts for further proceedings prior to federal habeas review, or Petitioner could choose to file a motion attempting to demonstrate the requisite "good cause" for holding a case in abeyance.

Petitioner has now filed a second motion to hold his habeas corpus action in abeyance, in which he seeks to demonstrate "good cause." (Docket #15.) Respondent has filed a motion to dismiss for lack of exhaustion. (Docket #18.) The motions are now ready for decision. After a review of the record, I am recommending that Respondent's motion to dismiss be denied and that Petitioner's motion that his case be held in abeyance be granted.

As noted above, Respondent claims that Petitioner's application should be dismissed for failure to exhaust state court remedies. However, Respondent does not address the arguments set forth by Petitioner in his second motion to hold his habeas corpus action in abeyance. In Petitioner's motion, he states that he was denied appellate counsel in preparing his discretionary appeal to the Michigan Court of Appeals despite the fact that he was indigent. Petitioner asserts that such a denial constitutes "good cause" for failing to raise his unexhausted claims in state court. The undersigned notes that Petitioner's claim of "good cause" appears to be supported by the United States Supreme Court's recent decision in *Halbert v. Michigan*, 125 S. Ct. 2582, __ U.S. __ (2005). In *Halbert*, the Court held that "the Due Process and Equal Protection Clauses require the appointment of counsel for defendants, convicted on their pleas, who seek access to first-tier review in the Michigan Court of Appeals." 125 S. Ct. at 2586. Because Petitioner was denied the required assistance of counsel in his appeal, he has shown sufficient "good cause." In addition, Petitioner also

states that he gave a motion for relief from judgment to prison officials on May 16, 2005, to be mailed to the state court.

In summary, the undersigned recommends that Respondent's motion to dismiss (docket #18) be denied and that Petitioner's second motion for order to hold the habeas corpus petition in abeyance (docket #15) be granted. Should the court adopt the report and recommendation in this case, the undersigned recommends that the Court stay the action and administratively close this case until completion of state-court remedies. Once Petitioner has completed exhaustion of his state-court remedies, he would be required to file an amended petition adding his newly exhausted claims with this Court within 30 days of final decision by the Michigan Supreme Court.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
 TIMOTHY P. GREELEY
 UNITED STATES MAGISTRATE JUDGE

Dated:  August 2, 2005