UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SERGIO TORRES,

        Petitioner,

v.                                                       Case No. 2:04-cv-238
                                                       HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

        Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Sergio Torres filed this petition for writ of habeas corpus challenging the validity of his state court convictions. Petitioner was convicted, pursuant to a nolo contendere plea, of criminal sexual conduct, fourth degree, and a misdemeanor count of solicitation of a minor to commit immoral or lewd acts. On October 14, 2002, Petitioner was sentenced to 90 days in jail for the misdemeanor offense and 16 to 24 months imprisonment for the criminal sexual conduct offense. Petitioner committed this offense while he was on parole. Petitioner is also serving a term of imprisonment of 30 months to 20 years for delivery of a controlled substance. Petitioner is not challenging his controlled substance conviction in this petition.

Petitioner maintains that his conviction was obtained in violation of his federal rights. Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate

Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following issues in his amended petition for writ of habeas corpus:

> I. Petitioner's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution were violated when [Petitioner was refused court appointed appellate counsel (for he is indigent) on his initial discretionary appeal, after his plea-based conviction.] U.S. Const. Amends. V, VI and XIV.
>
> II. Petitioner's First, Fifth, and Fourteenth Amendment rights under the United States Constitution were violated when [the (State) trial court repeatedly and intentionally thwarted and impeded Petitioner (who is indigent) from ascertaining the plea-based trial transcripts which were needed to perfect his initial discretionary appeal, even though he was forced to represent himself, and every appeal since then up to the present date.] U.S. Const. Amends. I, V and XIV.
>
> III. Petitioner's Sixth and Fourteenth Amendment rights under the United States Constitution were violated when his [trial counsel was ineffective.] U.S. Const. Amends. VI and XIV.
>
> IV. Petitioner's First, Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution were violated when [Petitioner's guilty-plea was invalid, where it was made involuntarily, unintelligently, and unknowingly.] U.S. Const. Amends. I, V, VI and XIV.
>
> V. Petitioner's Fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution were violated when [Petitioner was induced to plea guilty by an "illusionary" plea agreement.] U.S. Const. Amends. V, VI and XIV.

Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision

that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all

- 3 -

reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

In his amended petition for habeas corpus, Petitioner raises five claims alleging violations of his rights under the First, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. Petitioner claims that he was wrongly denied court-appointed appellate counsel and was denied access to transcripts that he needed to perfect his initial appeal to the Court of Appeals. Petitioner contends that his no contest plea was not voluntarily, knowingly, or intelligently made and that his plea was illusory. Additionally, Petitioner alleges that he was denied the effective assistance of trial counsel. Respondent maintains that Petitioner failed to exhaust his state court remedies because the habeas claims that petitioner raised for the first time in his motion for relief from judgment were not presented to the Michigan Court of Appeals and the Michigan Supreme Court.

Before the court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. It appears that Petitioner never raised these claims before the Michigan appellate courts. Accordingly, Petitioner's claims should be dismissed for failure to exhaust.

Alternatively, Petitioner's claims should be dismissed on the merits. Petitioner filed a motion for relief from judgment presenting his issues regarding appellate counsel and a trial transcript. The circuit court explained the reason why these issues lack merit:

> First, the Defendant argues that his fifth, sixth and fourteenth amendment rights were violated by the Court denying his timely request for appellate counsel. The Court finds that the Defendant's request for appellate counsel was not timely as he asserts nor did the Defendant establish his indigence or that he was eligible to file an appeal. The Defendant was sentenced on October 14, 2002 to 16 to 24 months on a charge of 4th degree criminal sexual conduct and to 90 days on a charge of soliciting a minor for immoral purposes. He was ordered to serve these sentences consecutively to file numbers

98-8028-FH and 98-8029-FH because the instant offenses were committed while the Defendant was on parole. At the time of sentencing, the Defendant was given an advice of rights form explaining his right to seek an application for leave to appeal and how to request court appointed appellate counsel. The Defendant alleges that he filed his request for appellate counsel on October 14, 2002 and again on October 21, 2002. The Defendant did not request appellate counsel on October 14, 2002. He signed the advice of rights form acknowledging receipt of the form on that date. On October 31, 2002, the Defendant did send the Court the form to request appellate counsel, but did not sign the form requesting appellate counsel and did not include a prison account statement to establish his indigence. Therefore, his first request for appellate counsel was made on April 14, 2003. That request was denied by the Court because the request was made well beyond the 42 days required and the Defendant failed to establish that he was entitled to file an application for leave to appeal. The Defendant did not appeal the order denying appellate counsel. The Defendant has failed to establish that he is entitled to relief from judgment on this ground.

Second, the Defendant argues that his fifth, sixth and fourteenth amendment rights were violated by the Court denying his request for copies of transcripts. MCR 6.433 governs the provision of copies for post conviction proceeding for indigent defendants. MCR 6.433 requires that the Defendant must prove that he is indigent and that the copies are needed to prepare an application for leave to appeal or other post conviction proceeding. For other post conviction proceedings, the rule further requires that if the Defendant is requesting copies of transcripts that have not been transcribed, the Defendant must establish good cause for their transcription. The Defendant's first request for copies was filed on April 14, 2003. That request was denied by order of the Court on April 23, 2003 because the Defendant was not found to be indigent. The Defendant failed to appeal that order. On July 7, 2004, the Defendant again requested copies. That request was returned to the Defendant as he did not attach a prison account statement to establish his indigence. The Defendant resubmitted his request with his prison account statement and again was found not to be indigent. However, the Court, on August 5, 2004, did order that the Defendant would be granted copies of all documents requested that were contained in the court file upon the Defendant's payment of $41.01. The Court file reflects that the Defendant paid that amount and was provided with all copies of requested documents that were contained in the court file. Again, the

> Defendant did not appeal that order. The Court did not order that transcripts not contained in the court file be transcribed. The Defendant failed to establish that he was entitled to file an application for leave to appeal and he failed to allege good cause for the transcription as required by MCR 4.33. For those reasons the Defendant has failed to establish that he is entitled to relief from judgment on this ground.

In the opinion of the undersigned, the Michigan circuit court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he received ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's errors had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a

petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.3d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

> The circuit court explained that petitioner's claim lack merit:
>
> Third, the Defendant argues that his sixth and fourteenth amendment rights were violated when his trial counsel was ineffective. The Defendant argues that his attorney did not advise him that 4th degree criminal sexual conduct was a specific intent crime. However, the Defendant fails to explain in his brief how he was prejudiced by this omission. The Defendant plead no contest to the charge of 4th degree criminal sexual conduct. The Defendant also argues that his trial attorney failed to investigate evidence of his innocence. The Court finds that the trial counsel did file a motion to withdraw Defendant's no contest plea to 4th degree criminal sexual conduct, which was denied and not appealed. The Court finds that the Defendant also admitted, at the time of the arraignment and plea, that he was satisfied with his attorney and the advice that he had been given. (Page 3, Transcript of Arraignment, August 26, 2002). The Defendant also alleges that trial counsel was ineffective by not requesting the services of an interpreter when meeting with the Defendant. The Defendant alleges that he speaks Spanish and that he is not fluent in the English language. The Court finds that this representation is false. The Defendant speaks, reads and writes English fluently. He did not request an interpreter for court proceedings, he answered questions in court appropriately indicating his understanding of the

> language. The Court also refers to Defendant's Exhibit J of this motion, which is a letter he wrote to his attorney. The letter is in English and is articulate. The Defendant's spelling, punctuation and grammar establish his fluency with the English language. The Defendant also alleges that his trial counsel was ineffective for not objecting in file number 02-9869-FH because the Defendant did not have a preliminary exam on the charges in that file. The Court finds that any such claim should be adjudicated in that file and not in this one as the files have not been consolidated. For the above reasons, the Court is not persuaded by the Defendant's argument and finds that he is not entitled to relief from judgment on this ground.

In the opinion of the undersigned, it is clear that petitioner cannot establish ineffective assistance of counsel. The Michigan circuit court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner alleges that his plea was not voluntary. The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of petitioner, the state court judge found that petitioner's plea of guilty was entered knowingly and voluntarily.

Petitioner pleaded no contest to criminal sexual conduct in the fourth degree and solicitation of a minor to commit immoral and lewd acts. Petitioner was satisfied with his attorney's representation and understood the maximum charges. Petitioner understood that he was giving up his right to a trial by jury or a non-jury trial. Petitioner indicated that no other promises or threats had been made to induce him to plead no contest to the charges. The transcript of the arraignment, in the opinion of the undersigned, shows that the plea was voluntary and knowing (Docket #54).

Petitioner asserts that his plea was illusory. The circuit court rejected this claim concluding:

> Fifth, the Defendant argues that his fifth, sixth and fourteenth amendment rights were violated when he was induced to enter a plea by an illusionary plea agreement. The Defendant alleges that the notice of the habitual offender enhancement was not timely given. MCL 769.13 provides that notice must be given within 21 days of the arraignment. Defendant alleges that this was not done. This is simply not true. The prosecuting attorney filed the notice of intent to seek habitual offender sentence enhancement on the day of Defendant's felony arraignment which is clearly within the time

> requirements of MCL 769.13. The Defendant further argues that the plea agreement was illusory because the offenses that were dismissed as a condition of the plea could not have been sustained at trial. The Court found at the arraignment on August 26, 2002 that the Defendant's plea was voluntarily and knowingly given. He had the opportunity to be tried on all counts, but chose to accept the plea bargain. This appears to be a hindsight argument by the Defendant who is now unhappy with the sentence that he received. The Defendant does not establish that the plea agreement was illusory and the Court is not persuaded by his argument. The Court finds that he is not entitled to relief from judgment on this ground.

In the opinion of the undersigned, the Michigan circuit court's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition for failure to exhaust state court remedies or, alternatively, with prejudice on the merits.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is

warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

The undersigned recommends that the court deny Petitioner's application on procedural grounds for failure to exhaust. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The undersigned concludes that reasonable jurists could not debate that each of Petitioner's claims were not properly exhausted. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Moreover, for the reasons stated, petitioner's claims fail on the merits. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

      /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   October 10, 2007